UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BROUGHTON,

    Plaintiff,

v.

    Case No. 1:25-cv-117

    HON. JANE M. BECKERING

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Supplemental Security Income under Title XVI of the Social Security Act. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*Medical Source Opinion.* On appeal, Plaintiff argued that the Administrative Law Judge ("ALJ")'s assessment of the statements of Janet Hur, M.D., is not supported by substantial evidence. The Magistrate Judge was not persuaded. The Magistrate Judge thoroughly considered Dr. Hur's report and concluded that the ALJ's assessment was consistent with the relevant standard and supported by substantial evidence (R&R, ECF No. 16 at PageID.1160–1163). Plaintiff's

objection merely reiterates his challenge to the ALJ's findings, without identifying any specific error by the Magistrate Judge (ECF No. 17 at PageID.626–629). His objection is properly denied. As the Magistrate Judge indicated, the scope of judicial review in a social security case contemplates a zone within which the decision maker can properly rule either way without judicial interference (R&R, ECF No. 16 at PagID.1157).

**Chevron *Deference.*** Plaintiff next briefly argued that the ALJ committed "additional reversible error by apparently relying upon agency policies which are no longer supported by the *Chevron* Doctrine" (Pl. Initial Brief, ECF No. 13 at PageID.1137). The Magistrate Judge rejected this argument as "poorly developed" and therefore waived (R&R, ECF No. 16 at PageID.1163–1164. In his objection, Plaintiff opines that "[t]he Magistrate [Judge] apparently does not like this argument, but here it is, and it is supported by caselaw not only in the Second Circuit, but in a district court within the Sixth Circuit" (Obj., ECF No. 17 at PageID.1171–1172). Plaintiff identifies no binding precedent that would require a result other than the Magistrate Judge's recommendation. His objection is properly denied.

***Post-Hearing Evidence.*** Plaintiff's last argument on appeal was that this Court should remand this matter because "the post-hearing records leave no doubt as to the legitimacy of his impairments and his credibility" (Pl. Initial Brief, ECF No. 13 at PageID.1137–1138). The Magistrate Judge concluded that Plaintiff also waived this claim inasmuch as Plaintiff failed to specifically articulate the materiality of the post-hearing evidence (R&R, ECF No. 16 at PageID.1165). In his objection, Plaintiff merely restates the arguments from his Initial and Reply briefs and opines that the post-hearing evidence should be considered "in light of the ALJ's questionable evidentiary findings" (Obj., ECF No. 17 at PageID.1173–1174). However, for the reasons stated by the Magistrate Judge, Plaintiff has not brought the ALJ's evidentiary findings

into question, nor has Plaintiff identified any error by the Magistrate Judge. This objection is therefore also properly denied.

Therefore, the Report and Recommendation is properly adopted as the Opinion of the Court. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 17) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 16) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated: February 3, 2026        /s/ Jane M. Beckering
                               JANE M. BECKERING
                               United States District Judge